UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>    v.<br><br>DERICK HUGHES,<br><br>               Defendant. | NO. CR-11-0055-JLQ<br><br>**ORDER DISMISSING COUNTS 3-6, 8-12, AND 14 WITH PREJUDICE** |

**I.    Introduction**

      At the close of the Government's case, Defendant moved the court (both orally and in writing) for a Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29 (ECF Nos. 93 and 95). The court heard from counsel and then ruled orally. After the close of all the evidence, on August 3, 2011, the Defendant orally renewed his motion as to Count 1 and also moved the court to exclude certain admitted exhibits. The court orally denied both motions. The exhibits were determined to be relevant to Count 1 and were not so numerous so as to present the risk of misleading or confusing the jury. This order is intended to memorialize and supplement the court's oral rulings on the Rule 29 motions, and effectuate the dismissal of Counts 3-6, 8-12 and 14 of the Indictment.

**II.    Rule 29**

      Federal Rule of Criminal Procedure 29 provides that a judgment of acquittal is warranted if the evidence is insufficient to sustain a conviction. Fed.R.Crim.P. 29(a). "The evidence is sufficient to support a conviction if, 'viewing the evidence in the light most

ORDER - 1

favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *E.g. United States v. Magallon-Jimenez*, 219 F.3d 1109, 1112 (9th Cir. 2000) (*citing Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Under Rule 29, all reasonable inferences are to be drawn in favor of the government, and any conflicts in the evidence are to be resolved in favor of the jury's verdict. *United States v. Alvarez-Valenzuela*, 231 F.3d 1198, 1201-02 (9th Cir. 2000).

Count 1 of the Indictment charged the Defendant with Breaking into a United States Post Office. Defendant claimed there was insufficient evidence to find the Defendant intended to commit larceny or other depredation at the time a forcible entry into the Post Office occurred. Considering the evidence in the light most favorable to the prosecution, the court found that both at the close of the government's case and at the close of evidence, there was sufficient evidence from which the jury could reasonably find the defendant guilty of Count 1 beyond reasonable doubt.

The Indictment also charged the Defendant with fourteen (14) separate counts of mail theft for each piece of mail allegedly taken "from and out of a building used in part as a post office" in Metaline Falls, Washington violation of 18 U.S.C. section 1708. ECF No. 20. The Fifth Amendment provides that criminal defendants are to be tried on charges alleged in a grand jury indictment.    The Government failed to establish at trial that ten (10) of the mail items, which were the basis of Counts 3-6[1], 8-12, and 14, were taken "from and out of" the Metaline Falls post office building.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Judgment of Acquittal on Count 1 (**ECF No. 93**) was **DENIED**.

2. Defendant's Motion for Judgment of Acquittal on the counts of mail theft (**ECF No. 95**) was **GRANTED**.

3. Counts **3, 4, 5, 6, 8, 9, 10, 11, 12**, and **14** of the Indictment (**ECF No. 20**) are

---

[1] Defendant's written motion did not request dismissal of Count 4, but at the hearing it became apparent that the same rationale provided a basis to dismiss Count 4.

ORDER - 2

1 **DISMISSED with prejudice**.

2 The District Court Executive is directed to enter this order and to provide copies to
3 counsel.

4 **DATED** this 4th day of August, 2011.

5 s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
6 SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3